UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-61858-CIV-DIMITROULEAS

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

v.

RONALD E. FILORAMO,

          Defendant.

## FINAL JUDGMENT AGAINST DEFENDANT RONALD E. FILORAMO

This cause comes before the Court upon Plaintiff Securities and Exchange Commission's (the "Commission") Unopposed Motion for Final Judgment Against Defendant Ronald E. Filoramo (DE 6) ("Motion"). By the Consent of Defendant Ronald E. Filoramo ("Filoramo") to Final Judgment ("Consent") attached hereto, without admitting or denying the allegations of the Complaint (except that Filoramo admits the jurisdiction of this Court over him and over the subject matter of this action and as otherwise set forth in Section III below), Filoramo has waived service of a summons and the Complaint, entered a general appearance, consented to entry of this Final Judgment, waived findings of fact and conclusions of law, and waived any right to appeal from this Final Judgment. The Court finds that good cause exists for entry of the Final Judgment. Accordingly, the Commission's Motion (DE 6) is **GRANTED**. The Court further orders as follows:

# I. PERMANENT INJUNCTIVE RELIEF

## A. Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Filoramo is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"; 15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about: (A) any investment strategy or investment in securities; (B) the use of investor funds, or (C) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Filoramo's officers,

2

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Filoramo or with anyone described in (a).

### B.  Section 17(a) of the Securities Act of 1933

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Filoramo is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"; 15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or;

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor about: (A) any investment strategy or investment in securities; (B) the use of investor funds, or (C) the misappropriation of investor funds or investment proceeds.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Filoramo's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Filoramo or with anyone described in (a).

## II. DISGORGEMENT, PREJUDGMENT INTEREST, AND CIVIL PENALTY

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Filoramo is liable to the Commission for $759,993.90 in disgorgement, representing net profits gained as a result of the conduct alleged in the Complaint, prejudgment interest on disgorgement in the amount of $198,202.47, and the Court further imposes a civil penalty of $190,000.00 pursuant to Section 20(d) of the Securities Act (15 U.S.C. § 77t(d)) and Section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)).  Filoramo shall pay the total of $1,148,196.37 to the Commission within 30 days of entry of this Final Judgment.

Filoramo may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Filoramo may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    HQ Bldg. Room 265, AMK-326
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, name of this Court, and Ronald E. Filoramo as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Filoramo shall simultaneously transmit photocopies of evidence of payment and case

4

identifying information to the Commission's counsel in this action, Teresa Verges, Regional Trial Counsel, Securities and Exchange Commission, 801 Brickell Avenue, Suite 1950, Miami, FL 33131.  By making this payment, Filoramo relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Filoramo.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.  Filoramo shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Filoramo shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Filoramo's payment of disgorgement in this action, argue

that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Filoramo's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Filoramo shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Filoramo by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III. BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Filoramo, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Filoramo under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Filoramo of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

### IV. INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Filoramo shall comply with all of the undertakings and agreements set forth therein.

## V. **RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

The Clerk is **DIRECTED** to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORRDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of January 2024.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record